UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADRIENNE B. JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13-CV-1279 NAB |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner appears to claim she is incarcerated on a probation violation charge and that she has been in competency proceedings for a year. Petitioner further appears to claim that she previously resided at a halfway house and that her probation was revoked when she solicited sex from someone while partially nude. Plaintiff claims that she received psychiatric care for a year at Fulton State Hospital, and she believes she is capable of living on her own now. Plaintiff requests to be released so that she can make her own decisions about her life. Plaintiff states that she has not brought any action in the state courts raising the issues in the instant petition.

Prisoners seeking relief under § 2241 must first exhaust state remedies before seeking federal intervention. See, e.g., Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 489-91 (1973). If petitioner is challenging a decision of the Missouri Board of Probation and Parole, there are three avenues for exhaustion: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996).

Because petitioner claims that she has not attempted to exhaust state remedies before bringing this action, she is barred from federal habeas relief. As a result, the Court will dismiss this action without prejudice.

Moreover, even if petitioner had exhausted state remedies, the Court would dismiss this action for failure to state a claim. Rule 2 of the Rules Governing § 2254 Cases requires that a petitioner specify all grounds for relief and the facts supporting each ground. There are no non-conclusory factual allegations in the complaint that would give rise to a finding that plaintiff is in custody in violation of the Constitution. For this reason as well, federal habeas relief is not warranted. See 28 U.S.C. § 2254, Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of July, 2013.